### IN THE UNITED STATES DISTRICT COURT
### FOR THE WESTERN DISTRICT OF TEXAS
### EL PASO DIVISION

| | | |
|---|---|---|
| MARIA DE LA LUZ PADILLA, | § § § | |
| Plaintiff, | § § | |
| v. | § § | Cause No. 3:18-cv-351 |
| LYCA TEL, L.L.C. | § § § | |
| Defendant. | § | |

### DEFENDANT'S NOTICE OF REMOVAL PURSUANT TO 28 U.S.C. § 1446

TO THE HONORABLE UNITED STATES DISTRICT JUDGE FOR THE WESTERN DISTRICT OF TEXAS, EL PASO DIVISION:

Defendant LYCA TEL, L.L.C., (hereinafter "Defendant"), files this its Notice of Removal hereby removing Cause No. 2018DCV2885 from the County Court at Law No. 7 of El Paso County, Texas, pursuant to 28 U.S.C. §§1331 and 1441. As grounds for removal, Defendant would respectfully show the Court as follows:

### Introduction

1. On August 13, 2018, Plaintiff Maria De La Luz Padilla filed her Plaintiff's Original Petition in the County Court at Law No. 7 of El Paso County, Texas, Cause No. 2018DCV-2885, styled *Maria De La Luz Padilla v. Lyca Tel, L.L.C.*. In her Original Petition, Plaintiff brings suit against Defendant for disability discrimination, age discrimination, sex discrimination, and retaliation. Plaintiff brings suit under the Texas Commission on Human Rights Act, Tex. Lab. Code ann. 21.001 *et seq.* on all claims. In addition, Plaintiff brings claims under the Americans With Disabilities Act of 1990, as amended, 42 U.S.C. §12101, *et seq.* for disability discrimination and retaliation, and under Title VII of the Civil Rights Act of 1964, as

13720.224/MDOR/1296495.1

amended, 42 U.S.C. § 2000-e *et seq.*, for sex discrimination and retaliation [*see* Plaintiff's Original Petition, Paragraphs 56 - 67].

2. On October 26, 2018, Defendant was served with process of this lawsuit. This removal is timely filed within 30 days of service of the Original Petition. True and correct copies of all papers on file in the state court action are attached to this notice as Exhibit "A."

## Federal Question Jurisdiction

3. The Plaintiff's Original Petition asserts causes of action against Defendant under the Americans With Disabilities Act of 1990, as amended, 42 U.S.C. §12101, *et seq.*, and under under Title VII of the Civil Rights Act of 1964, as amended, 42 U.S.C. § 2000-e *et seq.*, Accordingly, removal is proper under 28 U.S.C. §1331, which grants this Court original jurisdiction over federal questions arising under the laws of the United States of America. Thus, removal is proper under 28 U.S.C. § 1441(a).

## Diversity Jurisdiction

4. In addition, this Court has original jurisdiction over this action under 28 U.S.C. §1332, based on diversity of citizenship. Diversity of citizenship exists, so as to provide federal court jurisdiction where the suit is between citizens of different states and the amount in controversy exceeds $75,000.00. *See* 28 U.S.C. §1332; *Allen v. R&H Oil & Gas Co.,* 63 F.3d 1326, 1330 (5th Cir. 1995). The diversity and amount in controversy requirements are clearly met for this case. Diversity jurisdiction exists because the parties are completely diverse. Plaintiff lives and is domiciled in the state of Texas [*See* Plaintiff's Complaint, Paragraph 2].

Defendant is a New Jersey limited liability company, with its principal place of business in Newark, New Jersey.

5. Diversity jurisdiction exists because the "amount in controversy" exceeds $75,000.00. It is both facially and factually apparent on the face of the Plaintiff's Complaint that there is at least $75,000.00 in controversy. First, Plaintiff requests monetary relief in an amount "over $200,000.00 but no more than 1,000,000.00." [See Plaintiff's Complaint, Section X, "Prayer"]. Second, Plaintiff requests recovery of back pay, front pay, lost wages and benefits in the past and future, together with compensatory damages in the past and future, including mental anguish and emotional pain and suffering, inconvenience, loss of enjoyment of life, other non-economic losses. In addition, Plaintiff requests recovery of punitive damages, and reinstatement [*See* Plaintiff's Complaint, Paragraphs 70, 71, and the prayer, Section X].

## Proper Venue and Compliance With Removal Procedure

6. Under 28 U.S.C. § 1441(a), venue of the removed action is proper in this Court as the district division embracing the place where the state action is pending.

7. Defendant will promptly give Plaintiff notice of the filing of this notice of removal, as required by 28 U.S.C. § 1446(d). Defendant will also promptly file a copy of this Notice of Removal with the District Clerk of El Paso County, Texas, where the action is currently pending, also pursuant to 28 U.S.C. § 1446(d).

8. True and correct copies of all process, pleadings, and the orders served upon Defendant in the state court action are being filed with this Notice, as required by 28 U.S.C. §1446(a), and attached hereto as Exhibit "A."

13720.224/MDOR/1296495.1

9. Pursuant to 28 .U.S.C. § 1446(b), this Notice of Removal is filed within 30 days after service of the initial pleadings setting forth a removable claim, and within one year from the commencement of this lawsuit.

**WHEREFORE, PREMISES CONSIDERED,** Defendant hereby gives notice to the Court and all parties that the above-entitled action has been removed from the County Court at Law No. 7 of El Paso County, Texas, to the United States District Court for the Western District of Texas, El Paso Division.

Respectfully submitted,

**MOUNCE, GREEN, MYERS, SAFI, PAXSON & GALATZAN**
A Professional Corporation
P.O. Drawer 1977
El Paso, Texas 79950-1977
Phone: (915) 532-2000
Telefax: (915) 541-1597

By: _____
Mark D. Dore
State Bar No. 06000500

Attorneys for Defendant

## CERTIFICATE OF SERVICE

I certify that on November 16, 2018, I electronically filed the foregoing with the Clerk of the Court using CM/ECF system, which electronically sent notification to all counsel of record.

_____
Mark D. Dore

13720.224/MDOR/1296495.1